UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER ALAN JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-10137** |
| **LAWMAKERS, STATE OF LOUISIANA** | **SECTION: "E"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Christopher Alan Jackson, a state prisoner, filed this *pro se* and *in forma pauperis* civil action against Louisiana's lawmakers pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)  is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

Although broadly construing plaintiff's complaint,[1] and fully considering his Spears hearing testimony,[2] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous and/or for seeking monetary relief against a defendant who is immune from such relief.

---

[1] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2] Because plaintiff's claim as stated in his complaint was unclear, the Court held a Spears hearing in this matter on June 4, 2019. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

In this lawsuit, plaintiff claims that his federal constitutional rights were violated in his state criminal proceedings when he was required to participate in his probable cause hearing on November 19, 2014, while handcuffed, shackled, and wearing a jail jumpsuit bearing the word "inmate" on it.[3] That claim is subject to dismissal on several alternative grounds.

First, plaintiff's claim is untimely. "Ordinarily, a cause of action under section 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Price v. City of San Antonio, Texas, 431 F.3d 890, 893 (5th Cir. 2005) (quotation marks omitted). In the instant case, therefore, plaintiff's claim accrued on November 19, 2014, the date of the hearing at which his rights were purportedly violated. Further, once his claim accrued, he thereafter had only *one* year in which to file suit. Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) ("[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." (citation omitted)); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008); La. Civ. Code Ann. art. 3492. Because plaintiff's lawsuit was not filed until 2019 more than *four* years after his claim accrued, the claim was prescribed at the time this lawsuit was filed. Prescribed claims are properly dismissed as frivolous. See, e.g., Brown v. Pool, 79 F. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Smith, 2008 WL 2951279, at *2.

Second, to the extent that plaintiff is seeking monetary damages, the Louisiana legislators are improper defendants for the following reasons.

---

[3] Those criminal proceedings apparently took place in the Orleans Parish Criminal District Court. See Jackson v. Flimyn, Civ. Action No. 19-00058, 2019 WL 1177733 (E.D. La. Feb. 12, 2019), adopted, 2019 WL 1160823 (E.D. La. Mar. 13, 2019). Plaintiff stated that he was ultimately convicted in those proceedings of three counts of simple burglary.

3

With respect to any such claims asserted against them in their official capacities, the legislators, as state officials, are not considered "persons" subject to suit under 42 U.S.C. § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989); Stotter v. University of Texas, 508 F.3d 812, 821 (5th Cir. 2007); American Civil Liberties Union v. Blanco, 523 F. Supp. 2d 476, 479 (E.D. La. 2007); Tyson v. Reed, Civ. Action No. 09-7619, 2010 WL 360362, at *4 (E.D. La. Jan. 21, 2010); Searls v. Louisiana, Civ. Action No. 08-4050, 2009 WL 653043, at *6 (E.D. La. Jan. 21, 2009). Additionally, because a claim against a state official in his or her official capacity for monetary damages is actually a claim against the state itself, such claims are barred by the Eleventh Amendment. Williams v. Thomas, 169 F. App'x 285, 286 (5th Cir. 2006); Tyson, 2010 WL 360362, at *4; Searls, 2009 WL 653043, at *6.

With respect to any such claims asserted against the legislators in their individual capacities, it is clear that legislators enjoy absolute immunity from liability for damages under § 1983 for actions taken by them "within the legitimate scope of legislative authority." Loupe v. O'Bannon, 824 F.3d 534, 538 (5th Cir. 2016).

Third, in any event, Louisiana's legislators played no role in the purported violation in this case. As noted, plaintiff claims that his federal constitutional rights were violated in his state criminal proceedings when he was required to participate in his probable cause hearing on November 19, 2014, while handcuffed, shackled, and wearing a jail jumpsuit bearing the word "inmate" on it. He alleges that the "lawmakers" of Louisiana are liable for that purported violation because they are the ones who enacted the laws governing criminal procedure.

If plaintiff is in fact referring to an initial probable cause hearing, such hearings are conducted in accordance with Louisiana Code of Criminal Procedure article 230.2; if he is instead referring to a preliminary examination hearing, those hearings are conducted in accordance with

Louisiana Code of Criminal Procedure articles 291-298.  Regardless, in either event, not one of those articles requires that an accused person be handcuffed, shackled, or clothed in a jail jumpsuit for the hearing.  Therefore, even if that occurred in plaintiff's case, and even if that rose to the level of a constitutional violation, the violation was in no way caused by any legislation enacted by the "lawmakers" of Louisiana.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be dismissed as frivolous and/or for seeking monetary relief against a defendant who is immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this tenth day of June, 2019.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**